FILED'07 AUG 29 11:27 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PATRICK D. OSTERHOFF,                          Civil No. 01-1322-AA
                                                OPINION AND ORDER

              Petitioner,

     vs.

ROBERT O. LAMPERT,

              Respondent.
_____

Anthony D. Bornstein
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, Oregon 97204
     Attorney for petitioner

Hardy Myers
Attorney General
Douglas Y.S. Park
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301-4096
     Attorneys for respondent

AIKEN, Judge:

     Petitioner filed a petition for writ of habeas corpus

Page 1 - OPINION AND ORDER

pursuant to 28 U.S.C. § 2254; and alternatively for an evidentiary hearing.  The petition and alternative request for evidentiary hearing are denied, and the case is dismissed.

### BACKGROUND

Petitioner brings this habeas petition to challenge his 1997 conviction for Murder By Abuse.  The case involves the death of petitioner's child, shortly after the child's birth, as a result of "shaken baby syndrome."

Petitioner plead not guilty and waived his right to a jury trial.  The trial judge found petitioner guilty of Murder and sentenced petitioner to a 300-month prison term pursuant to Or. Rev. Stat. 137.700-137.707 ("Measure 11").  Petitioner directly appealed the conviction and sentence, however the Oregon Court of Appeals affirmed the trial court without a written opinion in State v. Osterhoff, 155 Or. App. 488, 967 P.2d 530 (1998).  The Oregon Supreme Court denied review.  State v. Osterhoff, 327 Or. 554, 971 P.2d 410 (1998).  Petitioner then filed a petition for Post-Conviction Relief (PCR) alleging claims regarding the constitutionality of a Measure 11 sentence, and 22 claims against trial counsel.  The PCR court denied relief on all of petitioner's claims after a post-conviction hearing.  The post-conviction trial court noted that "although Petitioner is dissatisfied with the *result*, he has **no basis** on this record to contend that he suffered *ineffective assistance of counsel.*

Resp. Ex. 121 (emphasis in original).

Petitioner appealed the PCR trial court's decision, raising only nine of the claims against counsel.  The Court of Appeals affirmed the PCR trial court ruling without opinion.  <u>Osterhoff v. Lampert</u>, 171 Or. App. 335, 14 P.3d 104 (2000).  The Oregon Supreme Court again denied review.  <u>Osterhoff v. Lampert</u>, 332 Or. 239, 28 P.3d 1175 (2001).

In petitioner's Amended Memorandum of Law in Support of Petition for Writ of Habeas Corpus; Alternative Request of Evidentiary Hearing, he pursues four claims.  Specifically, petitioner alleges that trial counsel was ineffective by: (1) persuading him to waive jury trial without fully advising him of the advantages and disadvantages of doing so; (2) failing to develop and present a coherent defense; (3) advising him not to testify; and (4) failing to conduct a thorough investigation of the case.  In support of these claims, petitioner submits three new exhibits that were not presented to the Oregon state courts during his PCR proceedings.  Petitioner further requests an evidentiary hearing to develop additional evidence in support of his claims.

<u>STANDARD OF REVIEW</u>

A district court may not grant a writ of habeas corpus with respect to any claim that was adjudicated on the merits in state court unless the state court's decision was: (1) "contrary to, or

involved an unreasonable application of, clearly established
Federal law, as determined by the Supreme Court of the United
States;" or (2) "based on an unreasonable determination of the
facts in light of the evidence presented in the State court
proceeding." 28 U.S.C. § 2254(d). A state court's findings of
fact are presumed correct, and petitioner bears the burden of
rebutting the presumption of correctness by clear and convincing
evidence. 28 U.S.C. § 2254(e)(1). "Clearly established Federal
law" means the holdings, and not the dicta of the relevant
Supreme Court decisions in effect at the time of the state trial.
Williams v. Taylor, 529 U.S. 362, 405 (2000).

The "contrary to" clause means that a state court decision
is "contrary to clearly established precedent if the state court
applies a rule that contradicts the governing law set forth in
[the Supreme Court's] cases," or "if the state court confronts a
set of facts that are materially indistinguishable from a
decision of [the Supreme] Court and nevertheless arrives at a
result different from [the Supreme Court's] precedent." Lockyer
v. Andrade, 538 U.S. 63, 73 (2003).

The "unreasonable application" clause means that "a federal
habeas court may grant the writ if the state court identifies the
correct governing legal principle from [the Supreme] Court's
decisions but unreasonably applies that principle to the facts of
the prisoner's case." Id. at 75. The "unreasonable application"

Page 4 - OPINION AND ORDER

clause requires the state court decision to be more than
incorrect or erroneous.  The state court's application of clearly
established law must be objectively unreasonable.  Id.

Habeas relief is warranted only if the constitutional error
at issue had a "substantial and injurious effect or influence in
determining the jury's verdict." Brecht v. Abrahamson, 507 U.S.
619, 638 (1993).  When a state court reaches a decision on the
merits but provides no reasoning to support its conclusion, the
federal habeas court must conduct an independent review of the
record to determine whether the state court clearly erred in its
application of Supreme Court law. Delgado v. Lewis, 223 F.3d
976, 982 (9th Cir. 2000).  In such a case, even if the district
court independently reviews the record, it still defers to the
state court's ultimate decision. Pirtle v. Morgan, 313 F.3d
1160, 1167 (9th Cir. 2002).

DISCUSSION

I.  Claims not raised in Amended Memorandum

Initially, petitioner's claims that were raised initially
but never briefed are denied.  Petitioner failed to respond or
rebut respondent's arguments against those claims. See 28 U.S.C.
§ 2248 ("The allegations of a return to the writ of habeas corpus
or of an answer to an order to show cause in a habeas proceeding,
if not traversed, shall be accepted as true except to the extent
that the judge finds from the evidence that they are not true.")

Page 5 - OPINION AND ORDER

Petitioner has not provided the court with any briefing or
argument to counter respondent's arguments against those initial
claims.  Moreover, the court finds no evidence in support of
those claims.  Therefore, those claims are dismissed.

II.   Petitioner's Exhibits A, B and C

Petitioner relies on Rule 7 of the Rules Governing Cases
Under § 2254 (Rule 7) to expand the record in this case to
include Exhibits A, B and C.   Habeas petitioners are not
entitled to expand the record under Rule 7 with new evidence that
supports the merits of their claims unless they demonstrate that
they are entitled to an evidentiary hearing under 28 U.S.C. §
2254(e)(2).  Cooper-Smith v. Palmateer, 397 F.3d 1236, 1241 (9th
Cir.), cert. denied, 126 S. Ct. 442 (2005).  See also, Holland v.
Jackson, 542 U.S. 649, 653 (2004)(the "same restrictions [that
apply to an evidentiary hearing] apply *a fortiori* when a prisoner
seeks relief based on new evidence *without* an evidentiary
hearing.").

Here, petitioner is not entitled to an evidentiary hearing
to develop the merits of his claims with the information
contained in Exhibits A-C because § 2254(e)(2) specifies that if
a federal habeas petitioner "failed to develop the factual basis
of a claim" in state court, the federal court shall not hold an
evidentiary hearing so that the petitioner may further develop
the claim unless the petitioner shows that the claim relies on

Page 6 - OPINION AND ORDER

(1) a new and retroactive rule of constitutional law; or (2) "a
factual predicate that could not have been previously discovered
through the exercise of due diligence[.]"  28 U.S.C. §
2254(e)92)(A)(I)-(ii).  Further, the facts a petitioner seeks to
develop, if true, must establish by clear and convincing evidence
that no reasonable fact finder would have found the petitioner
guilty.  28 U.S.C. § 2254(e)(2)(B).

    Exhibit A is a letter sent to petitioner by trial counsel's
office manager in July 1996.  The one paragraph letter requests
that petitioner refrain from placing collect phone calls to trial
counsel due to the "significant" charges incurred by the firm for
petitioner's numerous calls.  The letter instructs that
petitioner's attorney will "be in touch with you as needed."  Ex.
A.    Exhibits B and C are letters trial counsel sent to the
trial court in September and December 1996.  The September letter
was in lieu of a "status report conference call," although both
letters focus primarily on scheduling issues. It is notable that
petitioner does not assert that he did not know about the
existence of these letters during his underlying criminal
proceedings.  Moreover, it is reasonable to assume that if
petitioner had exercised "due diligence," he could have offered
Exhibits A-C in support of his claims during his PCR proceedings.
Therefore, petitioner's Exhibits A-C will not be admitted for the
first time in this proceeding.

III.  Procedural Default

Petitioner's first claim is that trial counsel performed
ineffectually by persuading petitioner to waive his jury trial
rights without fully advising him of the advantages and
disadvantages of doing so.  Petitioner asserts that this claim is
based on the following: (1) counsel decided to waive a jury
before completing his investigation; and (2) the trial judge
could not be an impartial fact finder because counsel had
notified the court of his motion to enforce a purported plea
bargain.  Petitioner's Amended Memorandum, p. 19-21.  Petitioner
also argues that counsel's ineffectiveness amounted to
"structural error" that entitles him to relief without proving
prejudice.  Id. at 21-22.

Neither of petitioner's ineffective assistance of counsel
claims were raised in petitioner's PCR petition for review to the
Oregon Supreme Court.  Nor did petitioner ever present the Oregon
courts with an argument that counsel's alleged ineffectiveness
amounted to a "structural error."  Instead petitioner argued to
the Oregon courts that counsel was ineffective in failing to
advise petitioner of the benefits of a jury trial because: (1)
petitioner was mentally impaired and could have received sympathy
from a jury; and (2) petitioner could not make a reasonable
choice because he was under the influence of a antidepressant.

I find that petitioner procedurally defaulted his

Page 8 - OPINION AND ORDER

ineffective assistance claims argued in pages 19-25 of his
Amended Memorandum.  See Carriger v. Lewis, 971 F.2d 329, 333-34
(9th Cir. 1992)(en banc)(ineffective assistance of counsel claims
are discrete and each must be properly exhausted or will be
defaulted).

IV.  Analysis of State Court Decision

     Even if petitioner's claims are not procedurally defaulted,
I find the state court decisions denying petitioner relief,
reasonable.  As noted above, habeas relief may not be granted on
any claim that was adjudicated on the merits in state court,
unless the adjudication resulted in a decision that was contrary
to, or involved an unreasonable application of clearly
established federal law; or resulted in a decision that was based
on an unreasonable determination of the facts in light of the
evidence presented in the State court proceeding.  28 U.S.C. §
2254(d) as modified by the Antiterrorism and Effective Death
Penalty Act of 1996 (AEDPA).  To prove an ineffective assistance
of counsel claim, a petitioner must show: (1) trial counsel's
performance was deficient in that counsel made errors so serious
that counsel was not functioning as "counsel" guaranteed
defendant by the Sixth Amendment; and (2) this deficient
performance prejudiced the defense.  Strickland v. Washington,
466 U.S. 668, 687 (1984).  Under Strickland, a petitioner
alleging ineffective assistance of counsel must show (1)

counsel's representation fell below an objective standard of
reasonableness; and (2) there is a reasonable probability that,
but for counsel's unprofessional errors, the result of the
proceedings would have been different.  Id. at 694.

Petitioner first alleges that counsel persuaded petitioner
to waive his jury trial rights without fully advising him of the
advantages and disadvantages of doing so.  I find no claim or
allegation by petitioner that he did know that he had a right to
a jury trial.  Therefore, petitioner's "structural defect"
argument fails.  Petitioner does not allege that he was denied a
jury trial over his objection, nor does he allege that he was
incorrectly informed that he did not have a right to a jury trial
for each of his offenses.  See Campbell v. Rice, 408 F.3d 1166
(9th Cir.), cert. denied, 126 S. Ct. 735 (2005)(list of
"structural errors" recognized by the United States Supreme
Court).

Therefore, the issue before this court is whether counsel
performed deficiently in advising petitioner about his right to
jury trial; and if so, whether his waiver of that right was
knowing, intelligent and voluntary.  Based on the record before
this court, I find that trial counsel's alleged ineffective
performance does not satisfy the Strickland standards.  Trial
counsel has stated that, "I discussed [petitioner's] options with
regard to a jury trial very thoroughly with him."  Resp. Ex. 119

Page 10 - OPINION AND ORDER

at 7, ¶ 21.  Moreover, prior to accepting petitioner's guilty

plea, the trial court engaged in the following dialogue with

petitioner:

> [Counsel]: Now, the other matter, and it's a very
> important one, is the matter of a jury waiver.  I have
> talked with Mr. Osterhoff quite a lot about this issue
> about whether to have a jury trial or a court trial.  And
> he elected to have a court trial, and he's willing to sign
> the necessary jury waiver.
>
> . . .
>
> [Court]: Mr. Osterhoff, under our Constitution . . .
> you have a right to have your guilt or your innocence
> as charged against you decided not by a judge, not
> by a single person, but by a jury; that is, by a group
> of people just drawn randomly from the community who
> would listen to whatever evidence may be produced
> against you and decide whether or not you've been
> proven guilty beyond a reasonable doubt of any charge
> that may be brought against you.  That is your absolute
> right.  Nothing requires you to give that right up.  Now,
> you may waive that right.  Waive means give it up.  You
> can surrender that right.  And if you do that, you are
> then agreeing that a judge, rather than a jury, will
> make all the decisions regarding your guilt or innocence
> of the charge against you.  Do you understand that?
>
> [Petitioner]: Yes, sir.
>
> [Court]: What I'm hearing from [counsel] and he said
> this for quite a while just informal phone conferences
> that we have, is that you do not wish to have jury
> trial; you wish to have those issues resolved instead
> by a judge.
>
> [Petitioner]: Yes, I do.
>
> [Court]: That is your desire?
>
> [Petitioner]: Yes.
>
> [Court]: You've had the opportunity to consult with
> Mr. Vogt regarding -

Page 11 - OPINION AND ORDER

[Petitioner]: Yes, sir, we've consulted many times.

[Court]: You'll need to sign a written waiver of jury
trial.  Oregon law requires that any waiver of the right
to jury trial be done in writing.

[Petitioner]: Okay.

Jury Waiver Transcript, p. 5-7.

The Supreme Court has noted that "[s]olemn declarations in
open court carry a strong presumption of verity." Blackledge v.
Allison, 431 U.S. 73 (1977).  The PCR court found that "[n]ot
only did Defense Counsel thoroughly cover the subject with the
Petitioner, the Trial court covered Petitioner's right to a jury
trial and the meaning of a waiver of that right in detail."
Resp. Ex. 121 at p. 5.  Based on the transcript of the trial
court's findings accepting petitioner's waiver of a jury trial,
and trial counsel's representation to the trial court and
separate post-trial declaration stating that he had discussed
this issue thoroughly with petitioner, the PCR court's finding
quoted above was reasonable and the state court's denial of
petitioner's claim was neither "contrary to," nor an
"unreasonable application of, clearly established federal law."
28 U.S.C. § 2254(d).

Petitioner next alleges that trial counsel's performance was
deficient in that he presented conflicting defenses and failed to
call an expert witness to support a mental infirmity defense.
Amended Memorandum, p. 25-26.  Presumably, petitioner asserts

Page 12 - OPINION AND ORDER

that a defense based on the argument that the state failed to prove beyond a reasonable doubt that petitioner, as opposed to child's mother (Stewart), committed the fatal injury is inconsistent with a mental defense based on lack of intent.  I find the trial counsel's decisions in this regard reasonable. Moreover, even assuming trial counsel may have been deficient in this regard, I find no prejudice to petitioner based on trial counsel's declaration that petitioner did not have a viable mental defense.  See Resp's Ex. 119, Vogt Aff, p. 2-4, ¶¶ 3,4,7. Trial counsel declared:

> 3.  . . . The fact is I had Mr. Osterhoff examined by a
> very competent forensic psychologist, Dr. Robert
> Stanulis.  My initial plan when going into the trial
> were to present a diminished capacity/partial responsibility
> defense.  I thought, based on what Dr. Stanulis told me,
> Mr. Osterhoff was the victim of organic brain damage.
> I had him sent to the office of a psychologist in
> Monmouth to do a "brain scan" and this proved to be
> negative for brain damage.  In other words, he did not
> have any kind of organic brain syndrome and, the
> psychologist that reviewed him for routine mental heath
> problems could not find anything that constituted a
> defense.  Thus, I did not present these experts at
> trial.  The issue of his mental status was, in fact,
> thoroughly investigated by my office and I felt it was
> handled appropriately during the course of the trial.
> It is very difficult to present a defense of this nature
> when the defendant's own expert does not agree with it.

Id.

I find no evidence that there exists a reasonable probability that the outcome of petitioner's case would have been different if trial counsel had either (1) argued a mental defense; or (2) not mentioned that defense at all.  Therefore,

Page 13 - OPINION AND ORDER

relief on petitioner's second ineffective assistance of counsel claim is denied.

Petitioner's third ineffective assistance of counsel claim is counsel's alleged advice to petitioner not to testify at trial.  Amended Memorandum, p. 26-27.  Trial counsel declares in response that petitioner's claim "is absolutely false.  I discussed thoroughly Mr. Osterhoff's option of testifying and he declined to do so."  Resp. Ex. 119, p. 6, ¶ 15.  Further, the PCR court found:

> In view of the fact that Petitioner declined the advice of his Defense Counsel with respect to accepting a plea offer, it is unlikely that Defense Counsel's advice that Petitioner not testify, if in fact such occurred, would have caused Petitioner to do other than he decided to do[.]  This Court finds that Petitioner's options were explained to him, and Petitioner himself determined that he would not testify in his trial.

Resp. Ex. 121, p. 4, ¶ 10.

Relying on trial counsel's statements and the PCR court's specific factual findings on this matter, I find the state court's decision to deny relief on this claim reasonable.

Petitioner's final ineffective assistance of counsel claim is an allegation that counsel failed to conduct a thorough investigation.  Specifically, petitioner alleges that counsel should have more thoroughly investigated petitioner's assertion that Stewart killed her son.  Petitioner fails to point to any evidence in existence during petitioner's criminal proceedings that support petitioner's allegation.  Moreover, the record does

Page 14 - OPINION AND ORDER

not support that trial counsel either performed deficiently, or
that petitioner suffered any prejudice by counsel's actions or
decisions in this regard.  <u>See</u> Resp. Ex. 119, p. 4,7, ¶¶ 7,19.
Therefore, I find that the state court's decision rejecting
petitioner's claim was neither "contrary to," or an "unreasonable
application of existing federal law."  Petitioner's request for
relief is denied.

In conclusion, I find that the state courts' decisions to
deny relief on petitioner's claims were neither "contrary to,"
nor an unreasonable application of" the ineffective assistance of
counsel standard as outlined in <u>Strickland</u>.  Petitioner's claims,
pursuant to 28 U.S.C. § 2254, as modified by the AEDPA, are
denied.

<u>CONCLUSION</u>

Petitioner's habeas corpus petition and alternative request
for evidentiary hearing (doc. 1) is denied and the case is
dismissed.

IT IS SO ORDERED.

Dated this _28_ day of August 2007.



_Ann Aiken_
Ann Aiken
United States District Judge



Page 15 - OPINION AND ORDER